**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHRISTOPHER JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>MS. THOMAS, *Social Worker*; and MS. JEAN, *Commissary Worker / Business Department*,<br><br>Defendants. | Civil Action No.: 3:25-cv-00592 (GC)<br><br>**OPINION** |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court upon Plaintiff Christopher Johnson's Complaint (ECF No. 1), filed January 17, 2025. Plaintiff also submitted an application to proceed *in forma pauperis* ("IFP"). (ECF No. 1-1.) By Memorandum and Order entered February 28, 2025, the Court granted Plaintiff's IFP application and directed the Clerk to deem the Complaint filed. (ECF No. 2.) The Court now screens the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. For the reasons set forth below, the Complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted.

## I. BACKGROUND

Plaintiff is a prisoner confined at Hudson County Correctional and Rehabilitation Center ("HCCRC") in Kearny, New Jersey. (ECF No. 1 at 2–3.) He brings this action pursuant to 42

U.S.C. § 1983 against two HCCRC employees: (1) "Ms. Thomas," a Social Worker, and (2) "Ms. Jean," a Commissary Worker in the Business Department. (*Id.* at 3–4.)

On January 16, 2025, Plaintiff's mother traveled to HCCRC and dropped off a postal money order between approximately 12:00 p.m. and 2:00 p.m. for deposit into Plaintiff's inmate commissary account. (ECF No. 1 at 4–5.) The funds were not timely credited to Plaintiff's account, which caused Plaintiff to miss commissary for an entire week. (*Id.* at 4.) Plaintiff attributes this to two failures: (1) Ms. Thomas did not assist him in resolving the problem and allegedly lied to him about having checked on the money; and (2) Ms. Jean failed to "check the box" that would have enabled the deposited funds to be credited to Plaintiff's account—a step, Plaintiff contends, she was obligated to take given that the money was received on time. (*Id.*) Plaintiff alleges that a video recording from that day will show his mother dropping off the money order at approximately 12:30 to 1:30 p.m. (*Id.* at 5.)

Plaintiff states that he sought informal relief by asking Ms. Thomas for assistance, approaching three correctional officers (Procast, Hick, Hinostroza, and Sergeant Peralta), contacting the Ombudsman "Ms. Butler," and having his mother call HCCRC to complain. (ECF No. 1 at 4.) His efforts were unavailing. (*Id.*.)

Plaintiff seeks $4 million in damages for starvation, hunger, emotional distress, pain, and suffering as a result of Defendants' alleged failure to perform their duties. (ECF No. 1 at 5.)

## II. <u>STANDARD OF REVIEW</u>

Under the Prison Litigation Reform Act ("PLRA"), Pub. L. 104-134, §§ 801–810, 110 Stat. 1321-66 (Apr. 26, 1996), district courts must review prisoner complaints when the prisoner proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B). The PLRA requires courts to sua sponte

dismiss claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* The standard for dismissal under § 1915(e)(2)(B)(ii) is the same as that applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A complaint survives dismissal if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). The Court accepts all well-pleaded facts as true, draws all reasonable inferences in the plaintiff's favor, and reads the complaint liberally. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Because Plaintiff proceeds pro se, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) a violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## III. <u>DISCUSSION</u>

Plaintiff raises two potential theories of constitutional liability arising from the failure to process his commissary deposit: a Fourteenth Amendment procedural due process claim based on deprivation of a property interest in the funds, and an Eighth Amendment conditions-of-confinement claim arising from the resulting lack of commissary access. Neither theory states a cognizable § 1983 claim on the facts alleged.

**A. Deprivation of Property**

Plaintiff alleges that Ms. Thomas and Ms. Jean's failure to process or facilitate the processing of his mother's money order caused him to be deprived of funds that were rightfully his. (ECF No. 1 at 4–5.) A prisoner has a protected property interest in funds held in his inmate account. *See Tillman v. Lebanon Cty. Corr. Facility*, 221 F.3d 410, 421 (3d Cir. 2000).

However, an unauthorized deprivation of property by a state employee does not violate procedural due process when the state provides an adequate post-deprivation remedy. *Allen v. Cooper*, 589 U.S. 248, 262, 140 S. Ct. 994, 1004-05 (2020) (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)). New Jersey provides adequate post-deprivation remedies for property loss caused by state employees, including through the New Jersey Tort Claims Act, N.J. Stat. Ann. § 59:1-1 *et seq.*, and the inmate grievance process. *See Tapp v. Proto*, 404 F. App'x 563, 567 (3d Cir. 2010) (citing *Hudson*, 468 U.S., 517, 533). Plaintiff's allegation—that commissary funds were not credited due to an administrative failure by correctional staff—amounts at most to unauthorized or negligent conduct for which adequate state remedies exist. No procedural due process violation is stated. *See Hudson*, 468 U.S. at 533. This claim is dismissed without prejudice.

**B. Conditions of Confinement**

Plaintiff alleges that he suffered "starvation" and "hunger" after missing commissary for approximately one week. (ECF No. 1 at 5.) As a convicted and sentenced county prisoner, Plaintiff's conditions-of-confinement claims are analyzed under the Eighth Amendment's prohibition on cruel and unusual punishment. *See Rhodes v. Chapman*, 452 U.S. 337, 345–47 (1981).

To establish an Eighth Amendment conditions-of-confinement claim, a plaintiff must allege both an objective component—that he was denied "the minimal civilized measure of life's necessities"—and a subjective component—that prison officials acted with deliberate indifference to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citation omitted).

The Complaint does not plausibly satisfy the objective prong. Plaintiff's claim is limited to the temporary unavailability of commissary items—supplemental goods available for personal purchase—for approximately one week. (ECF No. 1 at 4–5.) The Complaint contains no allegation that Plaintiff was denied his regular institutional meals during this period or that he suffered actual physical harm. Commissary access is not among the minimal necessities that prison officials are constitutionally required to provide. *See, e.g.*, *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985); *see also Sandin v. Conner*, 515 U.S. 472, 484 (1995) (conditions-of-confinement claims must reflect deprivations that impose "atypical and significant hardship" beyond the ordinary incidents of prison life). A one-week inability to purchase commissary items, absent any allegation of denial of institutional meals or actual physical injury, does not satisfy the objective component.

The Complaint also fails the subjective prong. The allegations against Ms. Thomas and Ms. Jean—that they failed to assist Plaintiff or process his commissary deposit correctly—describe, at most, negligent conduct or a failure to follow administrative procedures. Mere negligence is not actionable under § 1983. *Daniels v. Williams*, 474 U.S. at 328. There are no factual allegations from which the Court could plausibly infer that either defendant was subjectively aware of and deliberately indifferent to a substantial risk to Plaintiff's health or safety. *See Farmer*, 511 U.S. at 837 (deliberate indifference requires that the official "know[s] of and

disregard[s] an excessive risk to inmate health or safety"). This claim is dismissed without prejudice.

## IV. CONCLUSION

For the reasons stated above, the Complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for failure to state a claim upon which relief can be granted.

An appropriate Order follows.

Dated: August 17, 2026

Georgette Castner

**GEORGETTE CASTNER, U.S.D.J.**